UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20470-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERSKANESHIA RITCHIE,                REPORT AND RECOMMENDATION

    Defendant.

_____/

On or about May 5, 2010, court-appointed defense counsel Joaquin Mendez ("Counsel") submitted a voucher application numbered FLS 09 3418 with appended time sheets requesting $12,198.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a letter dated May 5, 2010 and detailed time sheets in support of his voucher application. Counsel later filed a Sealed Motion and Memorandum in Support of Request for Funds Exceeding CJA Statutory Limit **[DE # 142]**. Counsel represented Defendant Erskaneshia Ritchie ("Defendant") for approximately nine (9) months from his appointment on May 22, 2009 until February 5, 2010.

Counsel seeks $12,198.00 in his application, an amount which exceeds the $9,7000.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 116]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

**Criminal Justice Act and Guidelines for Administration
of the Criminal Justice Act**

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (the "Guidelines") to assist courts in the application of the provisions of the CJA.  See *In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991).  In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided."  See Section §6.02(B) of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred."  The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation.  18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case.  See Section §2.22B(3) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order for Counsel to be compensated in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the facts of this case made this case complex. This case originally began with a Criminal Complaint **[DE # 3]**. The government alleged that Defendant, along with three co-Defendants, including the father of her small child, planned and participated in the armed robbery of a private security guard that resulted in the death of the security guard.

Defendant was later indicted on June 4, 2009 **[See DE # 18]**. In the three count Indictment, the Government alleged that Defendant knowingly and willfully conspired to interfere with interstate commerce by robbery (Count I), knowingly interfered with interstate commerce by robbery (Count II) and knowingly possessed a firearm in furtherance of a crime of violence during which the use of the firearm resulted in the death of another (Count III) in violation of 18 United States Code §§ 1951(a), 924(c)(1)(A), 924(j) and 2.

The government later filed a Superseding Information containing only two counts (Counts I and II) **[See DE # 71]**. Defendant waived prosecution by an indictment **[See DE # 74]**.

Second, this case was rendered complex because of the serious penalties Defendant faced in this case. As Counsel explained in his Sealed Motion, the government considered the "possibility of seeking the death penalty against Ms. Ritchie." (Sealed Motion at 1). Defendant faced a maximum sentence of twenty years imprisonment for each Count I and

II and death or life imprisonment for Count III. The government decided not to seek the death penalty against Defendant only just "prior to returning the indictment." (Sealed Motion at 1).

Third, Defendant was arrested months after the robbery occurred. As a result, "local and federal authorities spent months developing a large amount of direct and circumstantial evidence against" Defendant. (Sealed Motion at 1). This evidence included "a wide array of cellular telephone tower information and a large volume of telephone records" placing Defendant in the area of the robbery at the time of the offense, "numerous security surveillance videos, reports of interviews with many witnesses to the shooting or the escape from the Mall and a certain amount of physical evidence as well." (Sealed Motion at 1-2). Further, "[e]ach of the defendants . . . provided lengthy, though often contradictory, post-arrest statements" which Counsel was required to review. (Sealed Motion at 2). There was also a large amount of discovery consisting of "40 CD or DVD discs, and thousands of pages of documents" as well as information about other robberies committed by Defendants and some of her co-defendants. (Sealed Motion at 2).

Fourth, the case was also made more complex by the fact that Defendant "was barely 21 years old at the time of her arrest." (Sealed Motion at 2). As a result, Counsel was forced to expend more time and effort on this case because "due to Defendant's young age and lack of sophistication . . . it [was] necessary to spend a considerable amount of time explaining everything to her." (Sealed Motion at 2). Fifth, Defendant was held in the Special Housing Unit at the Federal Detention Center during her pre-trial detention. As a result, the "process of reviewing the discovery [with Defendant was] more difficult and time consuming." (Sealed Motion at 2-3).

Defendant eventually plead guilty to Counts I and II of the Superseding Information. **[See DE # 80]**. She was sentenced to a total of 292 months - 240 months as to Count I and 52 months as to Count II, with the sentences to run consecutively. **[See DE # 107]**.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due the serious nature of the charges, the amount of discovery amassed by the government and Defendant's young age. As a result, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. As I have concluded that this matter was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel sought compensation for 5.9 in-court hours totaling $658.00 (based on 5.3 hours at the rate of $110.00 per hour and 0.6 hours at the rate of $125.00 per hour). After verifying the in-court hours, the CJA administrator made no changes to either the hourly rate used or the total dollar amount claimed by Counsel.

The CJA administrator also reviewed the 103.6 out-of-court hours listed by Counsel. Counsel sought compensation for 51.5 hours for "Interviews and conferences" and 32.2 hours for "Obtaining and reviewing records". Counsel also sought compensation for 18.4 hours for "Legal research and brief writing" and 1.5 hours in "Travel time." Counsel also listed $14.30 in "Travel Expenses." Again, the CJA administrator made no changes to either

the total number of hours or total amount claimed by Counsel for these categories.

### In-Court Hours[1]

Counsel seeks $658.00 for a total of 5.9 in-court hours (based on 5.3 hours at the rate of $110.00 per hour and 0.6 hours at the rate of $125.00 per hour). The CJA Administrator made no corrections to either the number of hours or the amount charged per hour. I approve this amount as reasonable.

### Out-of-Court Hours

Counsel seeks $11,526.50 for 103.6 out-of-court hours (based on 94.9 hours at a rate of $110.00 per hour and 8.7 hours at a rate of $125.00 per hour). I have reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories. The CJA administrator made no changes to the out-of-court hours listed in the voucher application.

Although the vast majority of Counsel's time entries are appropriate, there is one entry that is not sufficiently detailed to justify compensation. Specifically, the insufficient entry is:

| | | |
|---|---|---|
| 9/19/2009 | Telephone conference with AFPD (co-defendant's counsel) re: same | 0.5 hours |

The "Supplemental Instructions for Completing CJA20 Vouchers" form provided by the Court reinforces the Guidelines and makes clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

identified." Counsel fails to provide the reason for duration or any indication as to the nature and purpose of this call. As a result, I recommend that the voucher be reduced by 0.5 hours for a total reduction of $55.00.

I find, however, that the remaining charges in the voucher application are appropriate. Factoring in my deduction, I recommend that Counsel should be paid $11,471.50 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz,* 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale,* 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $11,471.50 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

**Expenses**

Counsel seeks $14.30 in "Travel Expenses." Again, the CJA administrator made no changes to this amount sought by Counsel. I approve the amount sought for "Travel Expenses" as reasonable.

**CONCLUSION**

I commend Mr. Mendez willingness to take this appointment and many others over the years. I also thank him for his professionalism and the obvious work he puts into submitting thorough, complete and detailed vouchers; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that one of the entries listed by Mr. Mendez be considered non-reimbursable. To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Mr. Gonzalez full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, Counsel is entitled to reimbursement in excess of the statutory maximum of $9,700.00. Based upon my review of the time sheets and the May 5, 2010 letter submitted by Counsel in support of his voucher application, the docket and filings in this case, I RECOMMEND that Counsel be paid $12,143.80 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 27 day of July, 2010.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Joaquin Mendez, Esq.
Lucy Lara, CJA administrator