UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20470-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERSKANESHIA RITCHIE,                  REPORT AND RECOMMENDATION

    Defendant.
_____/

On or about March 3, 2011, court-appointed defense counsel Joaquin Mendez ("Counsel") submitted a voucher application numbered FLS 11 3644 with appended time sheets requesting $3,987.50 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a letter dated March 3, 2011 ("Letter of Explanation") and detailed time sheets in support of his voucher application. Although Counsel originally commenced representing Defendant Erskaneshia Ritchie ("Defendant") on May 22, 2009, the instant voucher only involves Counsel's representation of Defendant with respect to Defendant's request for a reduction of sentence following the Court's imposition of a sentence on January 29, 2010. Thus, this voucher only involves Counsel's representation of Defendant during the period March 8, 2010 through February 8, 2011.[1]

Counsel seeks $3,987.50 in this application, an amount which exceeds the $2,100.00 statutory maximum allowed for representation in Federal Rule of Civil Procedure 35 (motion to reduce sentence) proceedings. As a result, United States District Court Judge Jose E.

---

[1] Counsel earlier filed Voucher Number FLS 09 3418 in this case. In that voucher, Counsel requested $12,198.00 for fees and costs incurred representing Defendant during the period May 22, 2009 until February 5, 2010.

Martinez entered an Order of Reference **[DE # 373]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case.  See Section §230.23.40(b) of the Guidelines.  A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order for Counsel to be compensated in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended.  This case was complex for several reasons.

First, the facts of this case made this case complex.  This case originally began with a Criminal Complaint **[DE # 3]**.  The government alleged that Defendant, along with three co-Defendants, including the father of her small child, planned and participated in the armed robbery of a private security guard that resulted in the death of the security guard.

Defendant was later indicted on June 4, 2009 **[See DE # 18]**.  In the three count Indictment, the Government alleged that Defendant knowingly and willfully conspired to interfere with interstate commerce by robbery (Count I), knowingly interfered with interstate commerce by robbery (Count II) and knowingly possessed a firearm in furtherance of a crime of violence during which the use of the firearm resulted in the death of another (Count III) in violation of 18 United States Code §§ 1951(a), 924(c)(1)(A), 924(j) and 2.  Defendant entered a guilty plea as to Counts I and II of the Indictment. **[See DE # 107]**.  Defendant was originally sentenced to a total term of 292 months.  **[See DE # 107]**.

Following Defendant's sentencing, she rendered substantial assistance to the United States by testifying against several of her co-defendants. Thereafter, the government filed a motion pursuant to Federal Rule of Criminal Procedure 35 **[DE # 312]** asking the Court to reduce Defendant's sentence due to her cooperation. In order for the government to agree to the Rule 35 Motion for Reduction of Sentence, Defendant "testified in *three separate trials* against three very violent defendants, including the father of her son." (Letter of Explanation at 1). Counsel represented Defendant during the trials of the co-defendants. "These were significant prosecutions which required a large number of de-briefings and a great deal of pre-trial preparation in which [C]ounsel was thoroughly involved." (Letter of Explanation at 1-2).

Second, Counsel's representation of Defendant in this proceeding was rendered complex because of Defendant's youth. Defendant "was 21 years old when she was arrested." (Letter of Explanation at 2). As a result, Counsel was "required to spend a considerable amount of time with Defendant helping her understand the system and monitoring the extent of he[r] co-operation." (Letter of Explanation at 2). Counsel also explained that "[i]t was also necessary that [he] spend [a] large amount of time keeping in contact with the prosecutor and the agents involved in this matter to make sure that [Defendant's] interests were protected." (Letter of Explanation at 2).

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex due the extent of Defendant's cooperation, the number of trials in which Defendant provided substantial assistance and Defendant's young age. As a result, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the

average motion to reduce sentence proceedings. As I have concluded that this matter was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $2,100.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel sought compensation for 0.7 in-court hours totaling $87.50. After verifying the in-court hours, the CJA administrator made no changes to either the hourly rate used or the total dollar amount claimed by Counsel.

The CJA administrator also reviewed the 31.2 out-of-court hours listed by Counsel. Counsel sought compensation for 21.0 hours for "Interviews and conferences" and 8.2 hours for "Obtaining and reviewing records." Counsel also sought compensation for 0.4 hours for "Legal research and brief writing" and 1.6 hours in "Travel time." Again, the CJA administrator made no changes to either the total number of hours or total amount claimed by Counsel for these categories.

### In-Court Hours[2]

Counsel seeks $87.50 for a total of 0.7 in-court hours. The CJA Administrator made no correction to either the number of hours or the amount charged per hour. I approve this amount as reasonable.

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

## Out-of-Court Hours

Counsel seeks $3,900.00 for 31.2 out-of-court hours. I have reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories. The CJA administrator made no changes to the number of out-of-court hours or the amount of money sought for these hours in the voucher application.

Although the vast majority of Counsel's time entries are appropriate, there are two entries that are not sufficiently detailed to justify compensation:

| | | |
|---|---|---|
| 5/7/10 | Review co-defendants pleadings regarding trial | 1.3 hours |
| 5/20/10 | Review co-defendants pleadings regarding trial | 0.6 hours |

The above listed entries are so vague that it is impossible for the Court to determine the purpose and nature of these entries. Counsel fails to specifically identify the pleadings reviewed. As a result, I cannot determine if whether these activities were a reasonable use of billable time. Accordingly, Counsel should not be compensated for these entries which total1.9 hours. This results in a reduction of $237.50.

Further, Counsel included an entry for a clerical task that was not an appropriate use of billable time. Specifically, Counsel included the following clerical task in the voucher:

| | | |
|---|---|---|
| 12/27/10 | Draft *and file* motion for a hearing regarding Rule 35 | 0.4 hours |

The Guidelines make clear that "[e]xcept in extraordinary circumstances, whether work is performed by counsel or other personnel, the following expenses associated with CJA representation are not reimbursable: personnel; rent; telephone service; and secretarial." Section §230.66.10(b) of the Guidelines. The "Supplemental Instructions for Completing CJA20 Vouchers" form (the "Supplemental Instructions") provided by the Court reinforces the Guidelines: "[c]lerical work (copying, faxing, mailing, etc.) associated with CJA representation, whether work is performed by counsel or other personnel, is not reimbursable." Accordingly, Counsel should not be compensated for time spent filing the motion for hearing, a clerical task. This entry should be reduced to 0.1 hours, for a reduction of $37.50.

I find, however, that the remaining charges in the voucher application are appropriate. Factoring in my deduction, I recommend that Counsel should be paid $3,625.00 for his out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel." *United States v. Mukhtaar*, 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with

provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $3,625.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

## CONCLUSION

I commend Mr. Mendez willingness to take this appointment and many others over the years. I again thank him for his professionalism and for consistently ensuring that the vouchers that he submits to the Court are thorough, complete and detailed; the undersigned is appreciative of his efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999).

It is with this sentiment in mind that I recommend that a few of the entries listed by Mr. Mendez be considered non-reimbursable. To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Mr. Mendez full compensation for all time incurred in this matter.

As I explained above, however, because the representation in this case was complex, Counsel is entitled to reimbursement in excess of the statutory maximum of $2,100.00. Based upon my review of the time sheets and the March 3, 2011 letter submitted by Counsel in support of his voucher application, the docket and filings in this case, I RECOMMEND that Counsel be paid $3,712.50 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this ____ day of May, 2011.

_____
**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Joaquin Mendez, Esq.
Lucy Lara, CJA administrator